## Columbus Service International and Underwriters Adjusting Company, Insurance Carrier, Appellants, v. Workmen's Compensation Appeal Board and Guinevere O. Levato, Appellees.

Submitted on briefs, January 10, 1975, to Judges KRAMER, WILKINSON, JR. and MENCER, sitting as a panel of three.

*Raymond F. Keisling*, with him *Will & Keisling*, for appellants.

*John Alan Conte*, with him *Terry C. Cavanaugh, Conte, Courtney, Tarasi & Price*, and *James N. Diefenderfer*, for appelles.

OPINION BY JUDGE MENCER, February 27, 1975:

Guinevere O. Levato (claimant) was employed at Dixmont State Hospital as a cleaning lady. During the regular course of her employment she was often required to lift large heavy buckets of water and to move rather heavy furniture about. On December 21, 1971, while on duty, claimant allegedly injured her back when she attempted to move a bed in order to clean beneath it. The bed had no casters and held a 155-pound woman. Because some spilt cereal made the bed stick in place, claimant had to "jerk it out" from the wall. While "jerking," she felt a sharp pain in her back and partially collapsed to the floor. After recovering her stance, she reported the incident to her supervisor and continued her duties. Up until this time, she had experienced no problems with her back. From December 21, 1971 until Febru-

ary 24, 1972, claimant experienced some continuous pain and she followed a program of "home doctoring" while still attending her normal duties.[1]

On February 25, 1972, the pain became unbearable and claimant quit her job and sought professional help from Dr. J. P. Yukevich. Dr. Yukevich, after ordering x-rays and attending to claimant on two occasions, referred claimant to Dr. Charles V. Baltic, Jr., an orthopedic specialist. Dr. Baltic ordered therapy treatments twice a week from June 29, 1972 until August 22, 1972. Dr. Baltic also prescribed a pain reliever and a home exercise program. On August 31, 1972, claimant was examined by appellant's physician, Dr. Norman Minde, a general practitioner.

Sometime in October 1972—the date is unclear in the record—claimant experienced a sharp pain in her back when doing her housecleaning. On November 1, 1972, she was evaluated by Dr. David E. Foss, an orthopedic surgeon. After this appointment, claimant again suffered a renewal of pain while housecleaning. On February 21, 1973, claimant again consulted Dr. Foss and the following day she underwent a back manipulation under sodium pentothal at Allegheny General Hospital.

Proceedings were instituted on July 5, 1972 by the filing of a claim petition under The Pennsylvania Workmen's Compensation Act.[2] Columbus Service International filed an answer denying that claimant suffered an accident or sustained any disability. The referee held hearings on September 26, 1972 and April 26, 1973. Neither Dr. Baltic nor Dr. Yukevich was called.[3] On August 3, 1973, the referee awarded benefits of $36.80

---

1. Claimant also worked as a cleaning lady in a restaurant from December 1972 until February 7, 1973.

2. Act of June 2, 1915, P. L. 736, *as amended*, 77 P.S. §1 et seq.

3. Dr. Foss testified by deposition attended by both counsel. His testimony was made a part of the record.

per week for total disability and $23.66 for a short period of partial disability. The Workmen's Compensation Appeal Board, without taking additional evidence, affirmed the referee's decision.

Our scope of review, where the Board has affirmed the award of the referee granting benefits to the claimant, is to determine whether there is substantial competent evidence to support any necessary findings of fact and whether the Board and referee have committed an error of law. *Panther Valley School District v. Workmen's Compensation Appeal Board,* 13 Pa. Commonwealth Ct. 178, 318 A. 2d 403 (1974) ; *Kreider v. Workmen's Compensation Appeal Board,* 10 Pa. Commonwealth Ct. 79, 308 A. 2d 187 (1973). And where, as here, the Board has taken no additional evidence, we must rely on the facts as found by the referee if they are supported by substantial competent evidence. *Leipziger v. Workmen's Compensation Appeal Board,* 12 Pa. Commonwealth Ct. 417, 315 A. 2d 883 (1974) ; *Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973). As is often stated, substantial evidence must be such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Tritex Sportswear, Inc. v. Commonwealth,* 12 Pa. Commonwealth Ct. 335, 315 A. 2d 322 (1974).

Appellant's sole claim for reversal is that the claimant did not produce competent medical testimony to show the causal relationship between the alleged accident and alleged disability. After a thorough reading of the record, we are convinced that claimant has presented substantial evidence to prove her claim. While the testimony of Dr. Foss should be carefully scrutinized because claimant admitted reaggravating her back injury prior to his examination, nevertheless the record is clear that Dr. Foss was well aware of all of the circumstances surrounding claimant's consultation. In reviewing all of Dr. Foss's testimony, we must keep in mind the well-settled

principle that it is the function of the referee, not that of appellate courts, to determine the credibility of, and weight to be given to, the testimony of medical experts. *Aluminum Company of America v. Theis,* 11 Pa. Commonwealth Ct. 587, 314 A.2d 893 (1974) ; *Connolly v. Campbell,* 8 Pa. Commonwealth Ct. 99, 301 A.2d 109 (1973). The referee chose to accept Dr. Foss's testimony as credible.

As recognized by the referee, the testimony of Dr. Minde, appellant's witness, lends some credence to claimant's claim. Dr. Minde admitted on both direct examination and cross-examination that claimant may have suffered a lumbar sprain during the earlier incident. In addition, Dr. Minde lacked knowledge concerning claimant's former treatments and the medication she was receiving at the time of his examination. In fact, Dr. Minde expressly stated, "I can't tell you exactly what her status was on the day that she had her injury." Because of the limitations of both doctors' testimony, it is clear that the referee was entitled to weigh the evidence of the two and to choose whom to believe.

Appellant properly relies on the proposition that in a case such as this, where there is no obvious causal relationship between the alleged incident and the resulting physical condition, unequivocal medical testimony must be presented. The medical witness must testify that, in his opinion, the result in question did come from the assigned cause, and a less direct expression of opinion does not constitute legally competent evidence. *Mohler v. Cook,* 205 Pa. Superior Ct. 232, 209 A.2d 7 (1965).

The facts in *Mohler* are similar to, yet distinguishable from, those in the instant case. In *Mohler,* claimant, a mason worker, allegedly suffered a back injury during the course of employment and consulted a Dr. Rahauser. Later, when employed on another masonry job, claimant again experienced a sharp pain in his back. This time he consulted Drs. Corbett and Richards. Claimant's only

medical witness was Dr. Richards, who testified that the original injury "could have" produced the subsequent disabling pain. The Court rejected this testimony as insufficient to establish the relation.

Unfortunately for appellant, this case is readily distinguishable. The record as a whole clearly reveals that Dr. Foss affirmatively answered the issue of causation. Further, on closing direct examination, the following discussion took place between claimant's counsel and Dr. Foss: "Q. The condition that you found her in on your initial examination of November 1, '72, would you say *with reasonable medical certainty that that would be related to the injuries she sustained as she told you?* A. Yes. She indicated no previous back problems prior to that time." (Emphasis added.) Clearly then, this statement of Dr. Foss provides the required "unequivocal medical testimony" to support the referee's award. Also, there is sufficient testimony of Dr. Foss, together with the testimony of claimant, to establish that the claimant's injuries were sustained by reason of an accident at claimant's place of employment and that the subsequent recurrences of pain were merely reaggravations of the original injuries. *Malocheski v. Consolidated Cigar Corporation,* 12 Pa. Commonwealth Ct. 430, 316 A.2d 81 (1974); *SKF Industries, Inc. v. Cody,* 2 Pa. Commonwealth Ct. 19, 276 A.2d 356 (1971).

The tenth finding by the referee clearly shows the basis for his decision: "TENTH: That after a review of the testimony entered in this case your Referee concludes that the claimant did in fact suffer a compensable accident on December 21, 1971, and should therefore be entitled to recover compensation and medical expenses involved. It is regrettable that neither party chose to enter testimony from either Doctor Yukevich or Doctor Baltic. However, the undisputed and unrebutted testimony of the claimant clearly indicates the occurrence of a compensable accident within the meaning of the Act.

This conclusion is clearly buttressed by the clear and creditable testimony of Doctor Foss, the treating physician and to a degree by Doctor Minde. In view of the fact that the claimant had a healthy normal back prior to the 1971 bed jerking incident your Referee feels compelled to accept the opinion of Doctor Foss as to the causation of the claimant's back problems following the house work incidents of October, 1972 and February, 1973 and concludes that they were in fact aggravation and reaggravations of the December 21, 1971 accidental injuries."

Our review of the record convinces us that the findings of the referee are supported by substantial competent evidence justifying his decision. We must therefore affirm.

ORDER

Now, this 27th day of February, 1975, the award of the Workmen's Compensation Appeal Board is hereby affirmed. Accordingly, it is ordered that judgment be entered in favor of the claimant, Guinevere O. Levato, and against Columbus Service International and Underwriters Adjusting Company for compensation for total disability at the rate of $36.80 per week for the period of February 25, 1972 through December 27, 1972 and for partial disability at the rate of $23.66 per week for the period of December 28, 1972 through February 7, 1973 and for total disability at the rate of $36.80 per week, commencing on February 8, 1973 and continuing thereafter until such time as disability changes in nature or extent or ceases and terminates, all within the meaning and provisions of The Pennsylvania Workmen's Compensation Act, *as amended*. Deferred installments of compensation shall bear interest of 6 percent per annum. Attorney's fees, to be paid by Guinevere O. Levato to her attorney, are approved in an amount not to exceed 20 percent of the deferred compensation payments due Guinevere O. Levato.