Workmen's Compensation Appeal Board of The Commonwealth of Pennsylvania and David N. Pryce *v.* Bethlehem Mines Corporation, Appellant.

Argued October 31, 1975, before Judges WILKINSON, JR., ROGERS and BLATT, sitting as a panel of three.

*Robert G. Rose,* with him *Spence, Custer, Saylor, Wolfe & Rose,* for appellant.

*Eugene A. Creany,* with him *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE ROGERS, December 26, 1975:

This is an employer's appeal from an award of medical and hospital expenses in the amount of $475 and of disability payments of about $1000 to a workman who underwent back surgery for the removal of vertebral discs.

The claimant, David N. Pryce, was employed as a welder mechanic for the appellant, Bethlehem Mines. In August 1969 while carrying pipe at his place of employ-

ment he stumbled, fell and twisted his back. He reported the accident to his employer. X-rays were taken but no other treatment was asked for or provided by the employer. The company doctor told the claimant that there was nothing the matter with his back. The claimant lost at most a few days work at this time. His wife's brother, a chiropractor, gave him some treatments for his sore back after this incident.

On December 22, 1971, Mr. Pryce and a fellow employee were assigned to remove an unneeded steel chute. They removed a piece of the chute weighing several hundred pounds[1] and placed it against a handrailing. The claimant stepped on an L-shaped piece of plate causing the plate to tip over on the claimant striking him in the lower part of his back and pinning him against a plank which he was about to place overhead. When the other workman removed the plate from Mr. Pyrce's back, the latter lay prone for a time complaining of back pain. However, he continued to work that day and thereafter until March 1972. He did not file an official report but he reported the accident to his immediate superiors. At the referee's hearing the claimant described his condition after December 22, 1971 as "I was limping all the time; I couldn't stand to sleep in bed, I had to sleep on the floor. I[t] just got so bad I decided to go to the doctor and find out." He consulted Dr. George H. Wheeling who put the claimant in the hospital in traction for a time and finally persuaded the claimant to submit to surgery, which was performed on May 5, 1972 and which consisted of excising the claimant's herniated L4 and L5 discs. The claimant returned to work for Bethlehem Mines on August 21, 1972 as an equipment operator.

Although the claimant testified that he told his physicians of the accident of December 22, 1971, the doctors' histories contain no indication that he did. An intern's

---

1. The claimant estimated the weight at 500 pounds.

report contains a notation that there is no history of trauma and Dr. Wheeler's notes and recollection reveal that the claimant related his back problems to the 1969 incident. As a result, Dr. Wheeler was unable to testify with reasonable medical certainty that the disc conditions which he found and corrected were caused by the December 22, 1971 accident. He was able to state that the injuries were consistent with that incident but agreed that they were also consistent with the 1969 incident and with a chronic back ailment. This was not the unequivocal medical testimony required to prove causation. *Harrisburg Housing Authority v. Workmen's Compensation Appeal Board*, 14 Pa. Commonwealth Ct. 413, 322 A.2d 753 (1974). *Bonaduce v. Transcontinental Gas Pipe Line Corporation*, 190 Pa. Superior Ct. 319, 154 A.2d 298 (1959).

The referee found that the accident of December 22, 1971 caused the claimant's herniated discs. The Workmen's Compensation Appeal Board recognized the insufficiency of the medical testimony as to causation. It nevertheless affirmed the referee's award of compensation because it viewed the case as one within the line of authorities holding that where the claimant's injuries are immediately and directly, or naturally and probably, the result of an accident, the fact finder is not required to depend alone, or at all, upon medical testimony to find the causal connection. *Hager v. Bethlehem Mines Corp.*, 183 Pa. Superior Ct. 498, 133 A.2d 567 (1957); *Leftwrich v. Colonial Aluminum Smelting Corporation*, 184 Pa. Superior Ct. 622, 136 A.2d 182 (1957); *Mohr v. Desimone & Sayers*, 110 Pa. Superior Ct. 44, 167 A. 504 (1933). While the case is a close one, we agree that it is one in which the exception is applicable. While the claimant had back problems relating to the 1969 incident, he was able to continue his daily work until the December 1971 accident. While he delayed for several months after the accident in seeking medical help, his and a fellow employe's

testimony established that his condition was markedly worse after the accident and continued to be so until the operation. The evidence, including Dr. Wheeler's, further reveals that the claimant's delay after December 22, 1971 in seeking medical advice and in accepting the necessity for surgery were caused by fear of such radical treatment and reluctance to lose the wages necessary to support his family. We conclude therefore that the referee's findings as to causation are supported by sufficient competent lay testimony and enter the following:

## ORDER

The order of the Workmen's Compensation Appeal Board is affirmed.

It is ordered and directed that the defendant, Bethlehem Mines Corporation, pay to the claimant, David N. Pryce, weekly benefits at the rate of $60.00 beginning March 23, 1972 to and including April 5, 1972, and from April 29, 1972 to and including August 20, 1972, with interest on deferred payments.

The defendant is further directed to pay the following medical and hospital expenses:

Lee Hospital, Johnstown, Pennsylvania $ 28.00
Orthopedic Specialities, Inc.,
   722 Franklin Street, Johnstown, Pa.   $447.00