## Giant Markets, Inc. *v.* William Dennis Morgan and Workmen's Compensation Appeal Board. Giant Markets, Inc., Appellant.

Argued December 10, 1976, before Judges CRUM-LISH, JR., MENCER and BLATT, sitting as a panel of three.

*Joseph A. Murphy,* with him *John R. Lenahan,* and *Lenahan, Dempsey & Murphy,* for appellant.

*Robert J. Nolan,* with him *Gelb & Myers,* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE MENCER, February 3, 1977:

The question before us in this appeal allowed by The Pennsylvania Workmen's Compensation Act[1] (Act) is whether the testimony of William Dennis

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq.

Morgan (claimant) is sufficient to establish, in the absence of medical testimony, a causal connection between a work incident and an injury. Claimant has a history of back trouble and is seeking compensation for an alleged back injury based on an incident where no external force came into direct contact with the injured area of his body. We hold that claimant's testimony here is not sufficient and reverse the award of benefits made by the referee and affirmed by the Workmen's Compensation Appeal Board (Board).

The referee accepted the unrebutted testimony of the claimant and made the following findings of fact. On October 20, 1973, claimant was employed by Giant Markets, Inc., as a truck driver and baker's helper. Two hours before his shift was to end that day, an incident occurred which is the subject of this appeal. The claimant was unloading a truck when, in his words, "I was pushing [empty] pans back out towards the rear of the truck and my back just gave way. . . . There was nobody around." After the incident, claimant drove the truck on a delivery despite having some difficulty using the clutch. When he returned, he was laid off, although the record does not indicate when he became aware of the impending layoff. Claimant went to the company doctor three days later and saw several other doctors in the next few months.

The claimant's evidence before the referee consisted entirely of his own testimony and various medical bills. He testified that he had back problems on three or four occasions between 1964 and 1968 and was hospitalized on one of these occasions. Six hearings before the referee were scheduled in this case. The record indicates that five of the six were continued either at claimant's request or to give him an opportunity to present medical testimony. Despite his failure to produce such testimony, the referee granted benefits to

the claimant, and the Board affirmed the referee's award.

In this appeal by the employer, our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or any necessary finding of fact was unsupported by substantial evidence. *Universal Cyclops Steel Corp. v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973). With an important exception, the general rule is that unequivocal medical testimony linking the work incident to the injury is required. *Czankner v. Sky Top Lodge, Inc.*, 13 Pa. Commonwealth Ct. 220, 308 A.2d 911 (1973). Where no medical testimony is presented by the claimant, as in the present case, the referee must decide as a matter of law whether there is an *obvious causal relationship* between the work incident and the injury. *See Montgomery Mills Co. v. Workmen's Compensation Appeal Board*, 26 Pa. Commonwealth Ct. 471, 364 A.2d 508 (1976); *Dunlap v. Workmen's Compensation Appeal Board*, 17 Pa. Commonwealth Ct. 19, 330 A.2d 555 (1975).[2] Stated differently, were the claimant's injuries so *immediately and directly, or naturally and probably, the result* of the work incident that medical testimony on the question of causation was unnecessary? *See Workmen's Compensation Appeal Board*

---

[2] The cases cited speak of the relationship between the *accident* and the injury. Since the "accident" concept was eliminated by the 1972 amendment, Section 101 of the Act, *as amended* by the Act of March 29, 1972, P.L. 159, §1, 77 P.S. §1, it is now more appropriate to speak of a *work incident*. The causation requirement, however, has not been eliminated. *Workmen's Compensation Appeal Board v. Jeddo Highland Coal Co.*, 19 Pa. Commonwealth Ct. 90, 338 A.2d 744 (1975). *See generally* 1 A. Barbieri, *Pa. Work. Comp.* §§6.20(3), 6.21(6) (1975); Comment *Pennsylvania Workmen's Compensation: An Analysis of Persistent Problems and Recent Legislative Reform*, 76 Dick. L. Rev. 445, 464-65 (1972).

*v. Bethlehem Mines Corp.,* 22 Pa. Commonwealth Ct. 437, 349 A.2d 529 (1975); *Munns v. Easthome Furniture Industries, Inc.,* 193 Pa. Superior Ct. 61, 164 A.2d 30 (1960).

A review of the record compels us to conclude that the referee committed an error of law in deciding the causation question in favor of the claimant. Here, we are faced with an employee's doing a normal task of unloading some empty pans from a truck. While no one else was present, something allegedly occurred which did not prevent claimant from substantially completing his day's work assignment which included the driving of a truck on a delivery. It was not until three days later, after he had been laid off, that he sought medical help. Although he consulted several doctors, he offered no medical testimony at the six scheduled hearings. We must be mindful that evidence requirements relative to causation guard against spurious claims.

The claimant's reliance on the Superior Court's decision in *Munns, supra,* is misplaced. There, Munns suffered a ruptured disc while using an air stapler. Unlike the present case, however, Munns had no prior history of back trouble,[3] and a doctor's testimony established that the incident was a possible cause.

Similarly, claimant's dependence on *Bethlehem Mines Corp., supra,* is inappropriate. The claimant there was struck on the back by a metal plate and pinned against a plank while working with another employee. In what was called a "close" case,[4] this

---

[3] Section 7 of the Act of March 29, 1972, P.L. 159, *amending* Section 301(c) of the Act, 77 P.S. §411(1), eliminated "previous physical condition" from consideration in determining whether there has been an *injury,* but it is still one of the factors to be considered on the separate question of causation. *Cf. Dunlap, supra; Mohler v. Cook,* 205 Pa. Superior Ct. 232, 209 A.2d 7 (1965).

[4] *Id.* at 439, 349 A.2d at 531.

Court affirmed the award of compensation despite claimant's earlier back problems. There, however, the claimant produced additional evidence on the causation question, consisting of the testimony of a fellow employee and a doctor's opinion, although somewhat equivocal. The case at bar is further distinguishable in that it falls within that group of back-injury cases where no external force came into direct contact with the injured area of the body. *Compare Bethlehem Mines Corp., supra, and Montgomery Mills Co., supra* (fall on ice), *with Workmen's Compensation Appeal Board v. Edgewater Steel Co.,* 23 Pa. Commonwealth Ct. 3, 349 A.2d 775 (1976) (pain in back while lifting 40-to 60-pound rings), *and Columbus Service International v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 441, 333 A.2d 233 (1975) (pain while "jerking" bed out from wall).

Here, the record does not disclose an obvious causal connection between claimant's back injury and the alleged work incident, and therefore unequivocal medical testimony was required to establish the necessary causal connection. The claimant having failed to meet his burden in this regard, we are compelled to make the following

## Order

And Now, this 3rd day of February, 1977, the order of the Workmen's Compensation Appeal Board, dated February 27, 1976, granting compensation to William Dennis Morgan, is reversed, and his claim for compensation benefits is hereby denied.