James O. Sacks and Harleysville Mutual Insurance Company, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and William H. Sacks, Respondents.

Argued March 8, 1979, before President Judge BOWMAN and Judges WILKINSON, JR. and MENCER, sitting as a panel of three.

260

 

*Paul A. Lockrey,* for petitioners.

*Emory W. Buck,* with him *William R. Cooper, Stewart J. Greenleaf,* and *Cooper & Greenleaf,* for respondents.

OPINION BY JUDGE MENCER, June 6, 1979:

James O. Sacks (employer) and his workmen's compensation insurance carrier have appealed from an order of the Workmen's Compensation Appeal Board (Board) awarding benefits to William H. Sacks (claimant). We affirm.

Claimant was employed as a school bus driver, and he was responsible for transporting handicapped children. On April 2, 1973, he stopped to pick up a 17-year-old boy in a wheelchair. Claimant grasped the boy, who weighed 142 pounds, under the arms, lifted him out of the wheelchair, stood up, pivoted to his right, and set the boy down in a seat of the bus. Claimant then felt severe pain in his right knee and foot. With some difficulty, claimant drove the bus to its destination and reported the incident to his employer, indicating he would not be able to continue working because of the pain.

The pain persisted for several weeks, and it was eventually determined that claimant suffered from Sudeck's atrophy in his foot and a torn tendon in his knee. After treatment, claimant was eventually able to return to work without any loss of earnings on August 27, 1974.

At a hearing on his claim for compensation, claimant testified concerning the April 2, 1973 incident. He

also presented the testimony of two physicians, but neither physician expressed any opinion on the relationship, if any, between claimant's disability and the incident of April 2. However, one physician did state that Sudeck's atrophy was typically caused by minor trauma. Relying upon this testimony, a referee awarded benefits, the Board affirmed, and this appeal followed.

The issue in this case is whether or not claimant's failure to produce unequivocal medical testimony to establish a causal relationship between the incident on April 2, 1973 and his disability precludes an award of compensation. The general and well-established rule is that such testimony is an essential element of the claimant's case. *See, e.g., Westmoreland Casualty Co. v. Workmen's Compensation Appeal Board,* 36 Pa. Commonwealth Ct. 307, 387 A.2d 683 (1978); *Columbus Service International v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 441, 333 A.2d 233 (1975); *cf. Hamil v. Bashline,* 481 Pa. 256, 267-8, 392 A.2d 1280, 1285-86 (1978) (unequivocal medical testimony usually necessary to establish cause of pain and injury in negligence action). Where, however, a claimant's disability is immediately and directly the result of a work incident, the factfinder is not required to depend upon medical testimony to find the causal connection. *See, e.g., Yellow Cab Co. v. Workmen's Compensation Appeal Board,* 37 Pa. Commonwealth Ct. 337, 390 A.2d 880 (1978); *Workmen's Compensation Appeal Board v. Bethlehem Mines Corp.,* 22 Pa. Commonwealth Ct. 437, 349 A.2d 529 (1975).

We believe that the recent Supreme Court decision in *Morgan v. Giant Markets, Inc.,* 483 Pa. 421, 397 A.2d 415 (1979), requires us to hold that this case comes within the latter rule. In *Morgan,* the Court held that

[w]here one is doing an act that requires force
or strain and pain is experienced at the point

of force or strain, the injury may be found to have been established. Pain is an excellent symptom of an injury. Of course, the trier of fact will determine the credibility of the witness's testimony as to the total situation. We, therefore, find substantial competent evidence in the record to support the conclusion of the Workmen's Compensation Board of Appeals, that the above facts establish a causal connection between the work incident and appellant's injury.

483 Pa. at 424, 397 A.2d at 416.

The Supreme Court reached this conclusion despite the fact that Morgan had a history of prior back trouble to which his disability could have been attributed.[1]

In this case, claimant had no prior history of foot or knee trouble, and he testified that the disabling pain began immediately after lifting the 140-pound boy into the bus, exertion which necessarily put strain on his foot and knee. In addition, the incident was immediately reported upon claimant's arrival. Finally, the medical testimony was that at least one aspect of claimant's disability, the Sudeck's atrophy, is typically the result of minor trauma. In light of *Morgan,* we must hold that this evidence is sufficient to sustain the referee's finding that claimant's disability was the result of his activities on April 2, 1973. *See also Yellow Cab Co. v. Workmen's Compensation Appeal Board, supra* (medical testimony unnecessary where claimant's headaches and dizziness began immediately after accident).

Accordingly, we enter the following

---

[1] Although this fact was not mentioned by the Supreme Court, it was a factor in our earlier decision to deny compensation, *see Giant Markets, Inc. v. Morgan,* 28 Pa. Commonwealth Ct. 439, 368 A.2d 885 (1977), a decision which was reversed by the Supreme Court.

## Order

And Now, this 6th day of June, 1979, the order of the Workmen's Compensation Appeal Board, dated March 23, 1978, affirming the determination of Referee Frank M. Perna, is hereby affirmed. Accordingly, it is hereby ordered that judgment be entered in favor of William H. Sacks and against James O. Sacks and Harleysville Mutual Insurance Company, in the amount of $99.76 per week for the period from April 4, 1973 through August 27, 1974, together with interest at the rate of 10 percent per annum on deferred payments of compensation from the date due to the date paid, within the terms and limits of The Pennsylvania Workmen's Compensation Act.

In addition, James O. Sacks and/or Harleysville Mutual Insurance Company shall pay the following medical expenses:

| | |
|---|---|
| Dr. Ronald K. Magargle | $85.00 |
| Reimbursement to claimant for x-rays | 29.00 |