Duquesne Light Company, Petitioner *v.* Robert Battisti, Respondent.

Argued May 7, 1979, before Judges WILKINSON, JR., DiSALLE and MacPHAIL, sitting as a panel of three.

*John A. Lee*, for petitioner.

*John McIlvaine*, for respondent.

OPINION BY JUDGE DiSALLE, July 20, 1979:

The Duquesne Light Company (Employer) appeals from an order of the Workmen's Compensation Ap-

peal Board (Board) which affirmed a referee's award of benefits to Robert Battisti (Claimant). The Employer argues that the referee's findings that Claimant was *totally* disabled from October 22, 1976, to December 17, 1976, due to a *work-related* injury incurred June 16, 1976, are not supported by substantial evidence.

It is undisputed that Claimant had a history of back problems which dated from the mid-1950's. On June 16, 1976, while employed as a mainline motorman in one of the Employer's mines, Claimant threw a rail switch and experienced pain in his lower back, a condition which he immediately reported to his foreman. Claimant nevertheless continued in his employment, with the aid of analgesics supplied by the Employer's doctor, until October 21, 1976. The next day, Claimant entered a hospital on the advice of his family physician.

On October 31, 1976, another physician, Dr. Bowers, while filling out a portion of a health insurance claim which Claimant was submitting to secure private disability benefits, noted that Claimant was *totally* disabled from October 22, 1976, to date (October 31) and that he was suffering from a "chronic condition." Subsequently, on December 16, 1976, Dr. Bowers re-examined Claimant and adjudged him able to return to work provided he avoid heavy lifting and other activities which might excessively strain his lower back. Claimant returned to work on December 17, 1976. On January 7, 1977, Dr. Bowers filed a report as to Claimant's hospitalization wherein he observed that the "onset of his pain for which he was being evaluated is June 16, 1976, and was precipitated by a work-related injury which he stated was throwing a switch at work."

The Employer initially argues that the referee's finding of total disability is not supported by substan-

tial evidence. Examining Dr. Bowers' testimony in its totality, as culled from the several reports admitted into evidence before the referee, we are satisfied that he was of the opinion that Claimant was totally disabled from October 22, 1976, to December 16, 1976. As noted previously, Dr. Bowers stated on January 7, 1977, that Claimant's total disability was precipitated by a work-related injury which occurred June 16, 1976. When viewed in conjunction with Claimant's own testimony, we have no difficulty in concluding that the referee's finding that Claimant was totally disabled from October 22, 1976 to December 17, 1976, is supported by substantial evidence.

The Employer nevertheless argues that a finding of total disability is somehow precluded by Claimant's history of back trouble. As the Board notes in its opinion, the Employer's argument loses sight of the definition of "injury" found in Section 301(c)(1) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §411(1). There is no question that a claimant can be found to have suffered a compensable injury, "regardless of his previous physical condition," and that such an injury can take the form of an aggravation, reactivation or acceleration of a condition, the origin of which is not related to a claimant's employment. See Barnes and Tucker Co. v. Workmen's Compensation Appeal Board, 40 Pa. Commonwealth Ct. 152, 154 n. 3, 396 A.2d 900, 901 n.3 (1979). Here, both Claimant and his physician agreed that Claimant's total disability— i.e., his inability to maintain earning power to any extent—was precipitated by the June 16, 1976 incident. Such evidence supports the referee's finding.

The Employer next challenges the referee's finding that the injury which Claimant suffered was causally related to Claimant's work. Here again, substantial evidence exists in the record to support this conclu-

sion. The statement of Dr. Bowers in his January 7, 1977 report, as well as Claimant's own testimony, would indicate that Claimant's injury was work-related.

Further, consistent with the referee's view, we are not inclined to fault the Claimant for persevering in his employment some four months after the date of the alleged injury. This is explained in part by the fact that, even though Claimant was prescribed analgesics, the pain reached such an intensity that the medication was inadequate and Claimant, quite simply, could not carry on. In view of the longstanding nature of Claimant's back problems, we can readily understand why Claimant, well-accustomed to some degree of periodic pain, would remain on the job until obliged, on advice of his personal physician, to seek treatment at a nearby hospital. We also share with the Board the desire to avoid a denial of compensation in cases where a claimant remains employed beyond the date of his injury since such would have the unfortunate consequence of discouraging an injured worker from maintaining his earning power as long as he feels able to do so. Finally, we note that the delay in leaving a job after an alleged injury weakens the causal chain of events and raises essentially a question of credibility, the resolution of which we will not disturb ''where the referee who personally heard the testimony determined that the requisite causation was present and where the record, considered in totality, supports that determination.'' *Owens v. Workmen's Compensation Appeal Board,* 39 Pa. Commonwealth Ct. 510, 514, 395 A.2d 1032, 1034 (1979). We believe that such was the case here.

The Employer finally argues, for the first time on appeal to this Court, that a finding that Claimant's injury is work-related must be supported by unequivocal medical evidence since there is no obvious causal

connection between the pulling of a rail switch and Claimant's injury. Dr. Bowers' testimony of January 7, 1977, the Employer contends, while facially *un*equivocal, is rendered equivocal by the fact that on the private health insurance claim filled out on October 31, 1976, Dr. Bowers characterized Claimant's condition as "chronic", without referring to the June 16, 1976 incident.

While we are not obliged to resolve this question since it was not raised before the Board, *see* 2 Pa. C.S. §703, we nevertheless believe the Employer's argument to be without merit for at least three reasons. Firstly, the statements are not necessarily inconsistent: Claimant did suffer from chronic back trouble as well as an apparent aggravated condition arising from the June 16, 1976 incident. Secondly, it is not at all clear that the private health insurance claim related to the precise difficulty for which Claimant was later awarded workmen's compensation benefits. Thirdly, and most importantly, we are in complete agreement with the Board's observation that a judgment such as that made on Claimant's claim for health insurance "does not preclude a revaluation [sic] by the same physician after additional testimony and the receipt of additional information."

We affirm.

ORDER

AND Now, this 20th day of July, 1979, the order of the Workmen's Compensation Appeal Board dated August 9, 1978, is hereby affirmed and judgment is entered on the award. The Employer, Duquesne Light Company, is therefore ordered to pay compensation to Claimant, Robert Battisti, at the rate of $187.00 per week beginning October 22, 1976, and continuing up to and including December 16, 1976. The award shall bear interest on all deferred payments of compensa-

tion at the statutory rate of ten percent (10%) per annum. The Employer is directed to take credit against this award for the disability insurance benefits paid to Claimant at the rate of $100.00 per week from October 22, 1976, to December 17, 1976.

The Employer is also directed to pay the following bills:

(1) Dr. K. Douglas Bowers, Jr. ..... $ 50.00
(2) Monongalia General Hospital ... 943.00

Attorney fees are waived.