Greene County Memorial Hospital and Pacific Employers Insurance Company *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Helen I. Cole, Respondents.

Argued May 6, 1981, before Judges Craig, Mac-Phail and Palladino, sitting as a panel of three.

*David M. McCloskey, Will and Keisling,* for petitioners.

*R. Wallace Maxwell, Maxwell and Davis,* for respondent, Helen I. Cole.

Opinion by Judge MacPhail, August 4, 1981:

Greene County Memorial Hospital (Employer) appeals here from a decision of the Workmen's Com-

pensation Appeal Board (Board), dated July 10, 1980, that affirmed the referee's decision granting workmen's compensation benefits to Helen I. Cole (Claimant).

Claimant worked for Employer for more than 15 years as a licensed practical nurse. She alleged that she injured her back while lifting and turning a very heavy patient. Claimant was treated for low back pain in Employer's emergency room on several occasions beginning in March 1975. She continued to work until April 21 when she became totally disabled. Claimant was hospitalized on two occasions, first at Employer in May 1975 and subsequently at West Virginia University Hospital in July 1975. Claimant was found, *inter alia*, to be suffering from mild scoliosis of the spine, osteoporosis and degenerative arthritis of the spine.

On October 4, 1976, Claimant filed for workmen's compensation benefits under The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1, alleging that on March 19, 1975[1] she had sustained a work-related injury. Employer denied liability.

The first of several hearings was held in December, 1976. The referee issued his initial decision on April 19, 1978, in which he held that Claimant had sustained a work-related injury and was entitled to compensation benefits. Employer appealed to the Board. The Board set aside the referee's determination and remanded the case to him for further clarification of the finding that Claimant had given Employer notice pursuant to the Act.[2] After conducting additional

---

[1] During the referee's hearings the actual date was determined to have been March 12, 1975.

[2] Section 311, 77 P.S. §631.

hearings the referee again awarded Claimant benefits. On appeal, the Board affirmed the referee. Employer appealed to this Court.

The law in workmen's compensation cases is well settled. Where the party with the burden of proof prevails before the referee and the Board takes no additional evidence, our review is limited to whether any constitutional rights were violated, an error of law was committed or a necessary finding of fact was unsupported by substantial evidence. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board*, 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977).

In its appeal to the Court, Employer asserts that there is not substantial evidence in the record to support two of the referee's findings of fact, specifically (1) that Claimant gave notice, as required by the Act, of her injury to Employer and (2) that Claimant's disability was caused by a work-related injury.

Section 311 of the Act provides in pertinent part as follows:

> Unless the employer shall have knowledge of the occurrence of the injury, or unless the employe or someone in his behalf, or some of the dependents or someone in their behalf, shall give notice thereof to the employer within twenty-one days after the injury, no compensation shall be due until such notice be given, and, unless such notice be given within one hundred and twenty days after the occurrence of the injury, no compensation shall be allowed.

77 P.S. §631. Sections 312 and 313 of the Act further provide that the notice shall include the time, place and nature of the injury and that the notice may be given to an employee's superior. 77 P.S. §§632 and 633.

At the initial hearing Claimant testified she had told the supervising nurse, who was on duty the night of the incident, that she had hurt her back but that no incident[3] report had been filed because Claimant thought she had only strained a muscle. Claimant further testified that she subsequently told all the supervising nurses of the incident. In her claim petition Claimant stated that on May 12, 1975, she had orally informed Mrs. Reese, the head of the nursing department, that she had injured her back lifting a patient.[4] At the time of the second series of hearings, Mrs. Reese was an invalid and was both physically and mentally unable to testify in person or by deposition.

As its evidence on the issue of notice, Employer entered the deposition of three nurses who supervised Claimant before and after the incident. One of these nurses denied all knowledge of the incident but admitted on cross-examination that the incident could have happened without her being aware of it. Another nurse could not remember being told of the incident and the third nurse remembered talking with Claimant about the incident sometime during the summer months.

It is well settled that matters of credibility and conflicting testimony as to whether notice has been given is a question of fact for the referee. *Canterna v. United States Steel Corp.*, 12 Pa. Commonwealth Ct. 579, 317 A.2d 355 (1974). Further, facts found by

---

[3] Claimant testified that a report had to be filed within 24 hours of the incident.

[4] Claimant's petition further stated that Mrs. Reese told her "not to cry over spilt milk." The record also shows that Claimant sent two letters via Claimant's daughter to Mrs. Reese, the first on May 12, 1975, requesting a leave of absence and a second letter on May 27, 1975, informing Mrs. Reese Claimant was still unable to return to work. Neither letter, however, alleged the injury was work-related.

the referee, supported by substantial evidence are binding on the review court. *Katz v. Evening Bulletin,* 485 Pa. 536, 403 A.2d 518 (1979). "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Workmen's Compensation Appeal Board v. Auto Express, Inc.,* 21 Pa. Commonwealth Ct. 559, 346 A.2d 829 (1975).

In his second decision the referee stated he had resolved the conflicting notice testimony in favor of Claimant and found that Employer had notice on March 12, 1975. Our review of the record convinces us that although he could have found otherwise, we cannot say that his finding was not based on substantial evidence.

Employer further asserts there was not unequivocal medical testimony to support a finding the Claimant's disability was caused by a work-related injury and that the physician only hypothesized an injury. Although the general rule is that unequivocal medical testimony is essential where no obvious causation exists to prove an injury, *Westmoreland Casualty Co. v. Workmen's Compensation Appeal Board,* 36 Pa. Commonwealth Ct. 307, 387 A.2d 683 (1978), this rule is inapplicable to the instant case. Our Supreme Court has stated: "Where one is doing an act that requires force or strain and pain is experienced at the force or strain, the injury may be found to have been established. Pain is an excellent symptom of an injury." *Morgan v. Giant Markets, Inc.,* 483 Pa. 421, 424, 397 A.2d 415, 416 (1979). In *Morgan,* claimant experienced severe back pain when he attempted to unload his bakery truck. Compensation benefits were granted even though claimant's medical evidence consisted solely of medical bills describing treatment and costs. In the instant case, Claimant experienced pain while performing her regular duty of turning bedridden patients.

Her medical evidence included reports from several physicians as well as a deposition of one of them. We hold, therefore, under the facts of this case and on the authority of *Morgan* that unequivocal medical testimony is not required.[5] The credibility of the medical testimony as well as the other testimony is determined by the trier of fact. The referee having heard all the testimony and examined all the evidence was convinced Claimant had sustained a work-related injury.

While it is true that Claimant continued to work for several weeks after the March incident, this does not preclude a finding that she suffered a compensable injury. The medical testimony shows that Claimant suffered from chronic back problems. This Court in *Duquesne Light Co. v. Battisti*, 44 Pa. Commonwealth Ct. 350, 403 A.2d 1352 (1979), recognized that someone accustomed to some degree of periodic pain would remain on the job until she could no longer carry on. Claimant in the instant case continued to work until it was no longer possible to do so. In *Duquesne* this Court further recognized that although the delay in leaving weakened the causal chain of events and raised the question of credibility, the Court would not disturb the finding of the referee who heard the testimony and determined the requisite causation was present, so long as the record, considered in its entirety, supports that determination. Our review of the record convinces us that such is the case here.

---

[5] Moreover, we are not prepared to say that the following testimony of Claimant's physician, Dr. Lovengood, was not unequivocal:

> I think that this episode aggravated the pre-existing chronic condition, and this caused her to have a lot of low back symptoms and pain, caused her to become inactive and for her to dwell on her low back symptoms.

Order affirmed.[6]

ORDER

AND Now, this 4th day of August, 1981, the order of the Workmen's Compensation Appeal Board, dated July 10, 1980, affirming the referee's decision granting compensation benefits to Helen I. Cole is affirmed. It is hereby ordered that judgment be entered in favor of Helen I. Cole and against Greene County Memorial Hospital and Pacific Employer's Insurance Company to pay compensation to Helen I. Cole at the rate of $93.47 per week from April 21, 1975, and continuing into the future subject to the terms and conditions of The Pennsylvania Workmen's Compensation Act, *as amended.*

All deferred payments of compensation shall bear interest at the rate of 10 percent. Greene County Memorial Hospital and Pacific Employer's Insurance Company are also directed to pay Helen I. Cole's medical expenses incurred in the treatment of her work-related injury upon presentation thereof.

Greene County Memorial Hospital and Pacific Employer's Insurance Company are also directed to pay R. Wallace Maxwell, Esquire, counsel for Helen I. Cole, 20 percent out of each and every weekly compensation benefit check due for the first two years of the award from April 21, 1975 and to pay the balance thereof directly to Helen I. Cole and, after the expiration of the two year period, to pay the full amount of the weekly compensation benefit check directly to Helen I. Cole.

---

[6] We feel compelled to comment that Claimant's injury is alleged to have occurred in March of 1975, more than six years ago. The first hearing was not held until December of 1976 and the last one was held in March of 1979. Such delays in the decision-making process are bound to produce witnesses' lapses of memory which occurred here. This in turn can result in injustice to one party or the other. Our comment is not directed to the bureaucratic process alone but to the lack of diligence of counsel as well.