Combustion Engineering, Petitioner *v.* Workmen's Compensation Appeal Board (Karnack), Respondents.

Argued May 6, 1982, before Judges BLATT, WILLIAMS, JR. and MACPHAIL, sitting as a panel of three.

*Joseph F. Grochmal,* with him *Noble R. Zuschlag, Fried, Kane, Walters & Zuschlag,* for petitioner.

*Richard G. Spagnolli, McArdle, Caroselli, Spagnoli & Beachler,* for respondent, Frank V. Karnack.

OPINION BY JUDGE WILLIAMS, JR., August 25, 1982:

Petitioner, Combustion Engineering, appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision awarding claimant disability benefits under Section 306(a) of The Pennsylvania Workmen's Compensation Act (Act).[1] The referee found that claimant suffered from silicosis, an occupational disease set forth in Section 108(k) of the Act.[2]

Claimant, Frank V. Karnack, was last employed as a foundry worker by Combustion Engineering. Throughout the course of his employment with Combustion, claimant was exposed to airborne respirable silica. In January, 1978, after forty-two years of service with Combustion, claimant left his job due to ill health.

In August, 1979, claimant filed a workmen's compensation petition alleging total disability due to silicosis, an occupational disease which he had contracted as a result of repeated and prolonged exposure to hazardous dust while in the employ of Combustion Engineering. Subsequent to the filing of the petition, a referee's hearing was held at which claimant offered into evidence the deposition of his examining physician, Dr. Michael E. Wald. Dr. Wald, a specialist in pulmonary disease, opined that claimant was totally and permanently disabled due to silicosis and that the disability resulted from claimant's contact with fibrogenic dust while laboring as a foundry

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §511.

[2] Added by Section 1 of the Act of October 17, 1972, P.L. 930, *as amended,* 77 P.S. §27.1(k).

worker. Based on the medical testimony of claimant's physician, the referee awarded claimant total disability benefits. Claimant's employer appealed the referee's decision and the Board issued an order affirming the referee. This appeal followed.

Petitioner's sole contention on appeal is that claimant's medical testimony did not unequivocally establish the requisite causal connection between claimant's disability and his employment at petitioner's place of business. Specifically, petitioner asserts that while Dr. Wald recognized that claimant suffered from both cardiac and pulmonary diseases, the doctor failed to particularize which of those infirmities is the direct cause of claimant's present disability. It is petitioner's opinion that Dr. Wald's testimony simply establishes that claimant's respiratory problems were merely a contributing factor to his total disability. We disagree.

This Court, after thoroughly reviewing Dr. Wald's deposition, finds that the doctor's testimony clearly and unequivocally demonstrates that claimant's present disability is a direct result of his exposure to irritating dusts while in his work environs. It is true that Dr. Wald acknowledged that claimant suffers from a preexisting heart condition. However, the doctor stated that, notwithstanding claimant's cardiac disease, the silicosis alone is totally disabling.

The doctor's testimony is not rendered equivocal by his recognition of claimant's pre-existing ailment. In order to establish the requisite causal connection in a workmen's compensation case, the expert witness must state that the resultant disability came from the cause alleged.[3] *Lehigh Valley Manpower Program v. Workmen's Compensation Appeal Board,* 61 Pa. Commonwealth Ct. 430, 433 A.2d 935 (1981).

---

[3] That is, unless the causal connection is obvious.

Whether a physician's testimony constitutes unequivocal evidence of work-relatedness is a matter to be determined from the entirety of the physician's testimony. *Id.*

As previously mentioned, Dr. Wald's testimony clearly established that the claimant's present disability is directly attributable to his silicosis, an occupational disease he contracted while working for Combustion Engineering. Viewed in its entirety, the doctor's attestations with respect to causation are unequivocal and sufficient to sustain an award of total disability benefits. Accordingly, we must affirm the Board's decision.

## ORDER

AND Now, the 25th day of August, 1982, the order of the Workmen's Compensation Appeal Board at No. A-79071 is affirmed. It is ordered that judgment be entered in favor of claimant Frank V. Karnack and against Combustion Engineering. Combustion Engineering is directed to pay compensation to Frank V. Karnack at the rate of $213.00 per week commencing July 17, 1979 and continuing into the indefinite future, until such time as claimant's total disability ceases or changes in character or extent. Interest is allowable at the rate of nineteen percent per annum on past due benefits subject to the terms and limitations of the Workmen's Compensation Act.

Combustion Engineering is further directed to pay the law firm of McArdle, Caroselli, Spagnoli & Beachler $435.90 as reimbursement for costs incurred in prosecuting this case. Attorneys fees in the amount of 20% of two years of the award are approved. Combustion Engineering shall make payment of those fees to claimant's attorneys by separate check, deducting it from the monies due claimant.