John Babirad, Jr., Petitioner *v.* Workmen's Compensation Appeal Board (Bethlehem Mines Corporation), Respondents.

Submitted on briefs October 3, 1983, before President Judge CRUMLISH, JR. and Judges BARRY and BARBIERI, sitting as a panel of three.

*Margaret D. Blough,* for petitioner.

*David N. Rutt, Firm of Stephen I. Richman,* for respondents.

Opinion by Judge Barbieri, December 30, 1983:

John Babirad, Jr., Claimant in this Workmen's Compensation case, appeals here from an order of the Workmen's Compensation Appeal Board (Board) which reversed an award by the referee on the ground that the medical testimony was insufficient to support an award.

Claimant, having had back complaints prior to October 3, 1978, tripped over a cord and fell while carrying two half bags of cement, suffering injuries to his left wrist and lower back. He was assisted by a fellow worker and taken from the mine where an ambulance was waiting for him which took him to the Cokesburg Clinic where he was seen by the company doctor. The next day he was admitted to the Washington Hospital, where he indicated that he "tripped on a cord-fell-yesterday-hurt mouth-wrist & back." Also, "He fell yesterday. To-day he had trouble getting out of bed due to pain in the middle of his low back. Pain sometimes radiates to the right flank area." Claimant has not returned to work, and he has continued under medical care, including that provided by his employer and Dr. Selim El-Attrache, an orthopedic surgeon. Under Dr. El-Attrache's care, Claimant was admitted to the Frick Community Hospital where extensive studies were carried out. The doctor felt that Claimant could return to light work as of July 10, 1979. The referee found that he was totally disabled from October 3, 1978 to and including July 9, 1979, and that he was partially disabled from July 10, 1979 to and including August 1, 1979. He warded compensation for total and partial disability pursuant to these findings. He found, also, that all disability, except the injury to Claimant's lower back, had cleared before April 3,

1979, and that all of Claimant's disability due to the injuries he sustained on October 3, 1978 had terminated as of August 2, 1979, and accordingly entered an appropriate award of benefits, including an order for medical expenses.

The Board, in reaching its decision to reverse the referee, quoted the following testimony of Dr. El-Attrache: ''I did not separate between these two accidents. I presumed that this was a work related injury, whether it was the slate or the cord tripping. . . . In the coal mine I was under the impression that the only accident that happened to him causing him his back pain was the October 2, 1978 [accident].''[1]

Our study of the record indicates that there were many more statements which add support to the referee's finding that the Claimant's low back complaint ''arose in the course of, and was related to, his employment as a floater with employer.''[2] For example, his back complaints began with the fall, at which time

---

[1] This quotation, deemed crucial in the Board's view, was from cross-examination of Dr. El-Attrache as to whether he was aware of a prior back injury. There is no statement of Dr. El-Attrache from which it could be inferred that the prior injury had anything to do with the condition for which he treated Claimant and which he attributed to the injury of October 3, 1978. Although Dr. El-Attrache indicated in his testimony that the date of injury was October 2, 1978, the record clearly shows that the date of injury was October 3, 1978.

[2] This Court has stated that "[w]hether a physician's testimony constitutes unequivocal evidence of work-relatedness is a matter to be determined from the entirety of the physician's testimony[,]" *Combustion Engineering v. Workmen's Compensation Appeal Board (Karnack)*, 68 Pa. Commonwealth Ct. 403, 406, 449 A.2d 786, 787 (1982), and that, although some opinion language may be equivocal the requirement for positive testimony as to causal relationship will be met if the testimony "when read in its entirety . . . is unequivocal." *Bethlehem Steel Corp. v. Workmen's Compensation Appeal Board*, 66 Pa. Commonwealth Ct. 579, 581-82, 445 A.2d 843, 845 (1982).

he stated: "I couldn't move my back. . . ." Employer's counsel at one point, in approving admission of medical bills stated: "With respect to the October 3 treatment, because this is treatment given for a *work-related injury,* there is no charge to the Claimant. . . ." (Emphasis added.) Again, there is in the record a statement from Dr. El-Attrache which was not objected to, in which Dr. El-Attrache stated:

This patient was injured in the course of his employment on October 2, 1978. The following diagnoses are found:
(1) Sprain of the Lumbar-Sacral spine
(2) Right sciatic radiculitis

The patient has objective symptoms of decreased ankle reflexion on the right, with no atrophy of the muscles or motor function loss.

This patient has not been working since October 2, 1978 because of residual subjective discomfort in the lumbar-sacral spine.

Although we believe that the referee had adequate medical support for his finding of causal relationship, nevertheless, we believe that the circumstances of Claimant's injury, including medical attention as well as other circumstances noted above will supply adequate proof of causal relationship even if the medical testimony is not quite as unequivocal as would be required in other cases containing less support for such a finding. *Morgan v. Giant Markets, Inc.,* 483 Pa. 421, 397 A.2d 415 (1979). As we stated in *Sacks v. Workmen's Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 259, 402 A.2d 293 (1979): "Where, however, a claimant's disability is immediately and directly the result of a work incident, the fact finder is not required to depend upon medical testimony to find the causal connection. *Id.* at 261, 402 A.2d at 294; *see also Halaski v. Hilton Hotel,* 487 Pa. 313, 409 A.2d 367 (1979); *Hills Department Store v. Workmen's Com-*

*pensation Appeal Board,* 73 Pa. Commonwealth Ct. 82, 457 A.2d 226 (1983).; *Greene County Memorial Hospital v. Workmen's Compensation Appeal Board,* 61 Pa. Commonwealth Ct. 82, 432 A.2d 1166 (1981); *Workmen's Compensation Appeal Board v. Bethlehem Mines Corporation,* 22 Pa. Commonwealth Ct. 437, 349 A.2d 529 (1975).

Accordingly, we shall reverse.

### ORDER

Now, December 30, 1983, the order of the Workmen's Compensation Appeal Board at No. A-78593, dated September 23, 1982, is reversed and the order of the referee dated January 10, 1980 is reinstated.