Chevis Davis, Petitioner *v.* Workmen's Compensation Appeal Board (United Parcel Service), Respondents.

Submitted on briefs August 6, 1985, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Loralyn McKinley,* with her, *Harold I. Goodman,* for petitioner.

*Lawrence L. Robinson, Thompson and Pennell,* for respondents.

OPINION BY SENIOR JUDGE BARBIERI, October 17, 1985:

Chevis Davis, Claimant, appeals here an order of the Workmen's Compensation Appeal Board (Board) reversing the decision of a referee in which compensation is awarded.

The proceedings in this case were instituted by Claim Petition filed July 2, 1981 on which compensation is claimed for a back injury suffered on June 11, 1981. In the petition it is stated that the back had previously been injured on May 28, 1981. Because of this averment of a prior injury, the Claim Petition was amended at a hearing on December 30, 1981 to read as a Reinstatement Petition. At a subsequent hearing on March 31, 1982, it was agreed that the claim for disability would be limited to the period from June 11, 1981 to August 27, 1981, apparently for the purpose of obviating the need to produce witnesses as to medical circumstances, the Claimant thus invoking Section 422 of the Pennsylvania Workmen's Compensation Act (Act),[1] 77 P.S. §1482, authorizing admission of a "certificate by any qualified physician" in cases involving "twenty-five weeks or less of disability." Although the referee's order does not state the extent or fix the period during which compensation should be payable, his basic finding is as follows:

9. The medical reports which were submitted as Claimant's exhibits indicate that Claimant suffered from a lumbo sacral strain. There is competent medical evidence of record indicating that Claimant sustained said injury during the course and scope of his employment on June 11, 1981, and further, that during the period from June 11, 1981 to August 27, 1981, the Claimant was unable to perform his duties

---

[1] Act of June 2, 1915, P.L. 736, *as amended.*

as a Sorter for the Defendant due to the nature of his injury.[2]

The referee's order is as follows:

AND NOW, to wit, this 13th day of September 1982, the Claimant's Reinstatement Petition is hereby granted. (Claim Petition was amended to Reinstatement Petition.)

On appeal the Board reversed, noting that there was no medical evidence to support the referee's 12th Finding of Fact, which reads:

12. I find that the Claimant presented un-equivocal medical testimony to establish to [sic] a causal connection between the complaints and his employment of June 11, 1981.

Pointing out that no medical evidence was offered "on causation," the Board reversed basing its reversal upon the burden of proof required in order to reinstate compensation relying upon our decision in *Bentworth School District v. Workmen's Compensation Appeal Board (Morris)*, 74 Pa. Commonwealth Ct. 315, 459 A.2d 906 (1983).[3] First of all, in order to set the record straight, we must note that there is no basis for treating the petition in this case as a Reinstatement Petition. There is absolutely no evidence that any compensation was every paid; that a Notice of Compensation Payable was ever filed or that there was otherwise any form of agreement to pay compensation. Insofar as the record reveals, Claimant was unable to work from the time when he said he had his first back injury, May 28, 1981 until the injury involved here was suffered on June 11, 1981, but no

---

[2] Claimant was actually disabled and failed to return to work until December 15, 1981.

[3] In *Bentworth*, we held:

An injured employee seeking reinstatement of his benefits has the burden of proving the causal connection between his current condition and his prior work-related injury.

compensation is claimed for that period. It follows, therefore, that no reinstatement is involved and we are dealing solely on the basis of a Claim Petition in this case.[4] Since this is so, while Claimant had the usual burden of proof on a claim petition, he had no special burden to meet in order to establish his right to compensation payments. Furthermore, our study of the record leads us to the conclusion that, quite aside from the many medical reports which appear in the record and which support the fact of Claimant's injury and the treatment therefor, there can be no doubt that unequivocal medical testimony is not required in this case to establish the relationship of Claimant's disability to his employment. In a case such as this one where the claim is for a back injury which immediately manifests itself while Claimant is in the act of doing the kind of heavy work which can cause such an injury,[5] medical opinion testimony is

---

[4] In *Pittsburgh Press Co. v. Workmen's Compensation Appeal Board (Pecora)*, 82 Pa. Commonwealth Ct. 538, 475 A.2d 972 (1984), we stated:

It has long been the rule in workmen's compensation cases that the form of the petition filed is not controlling where the facts warrant relief, and that if a claimant is entitled to relief under any section of the Act, his petition will be considered as filed under that section. (Citation of cases omitted.)

[5] Claimant's testimony as to his injury on June 11, 1981, includes the following:

Q. Now, what happened to you on June 11th?

A. I was working in another work area from the assigned work area.

Q. What area were you working?

A. I was working in the small sorting and I went to lift this hamper box—we had to dump this hamper box off the slide—and—

Q. What is a hamper box?

A. It is a big wide box, about half the size of this table here.

not required. *Morgan v. Giant Markets, Inc.,* 483 Pa. 421, 397 A.2d 415 (1979); *Sacks v. Workmen's Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 259, 402 A.2d 293 (1979).

In *Sacks,* a back injury case like this one where there was a lack of medical supporting testimony, we stated:

> Where, however, a claimant's disability is immediately and directly the result of a work incident, the fact-finder is not required to depend upon medical testimony to find the causal connection. See, e.g., Yellow Cab Co. v. Workmen's Compensation Appeal Board, 37 Pa. Common-

---

Q. How much does it weigh?
A. It weighs 45 to 50 pounds.
Q. What did you have to do with it?
A. We had to dump the box, dump it to small, and it went through the slide, put them on the belt.
Q. During the course of doing this, what happened?
A. I felt a pain in my back.
Q. What part of your back?
A. The lower portion of my back.
Q. On your left side or your right side?
A. My right side.
Q. What did you do after you felt that pain?
A. I notified the supervisor.
Q. How bad was the pain?
A. The pain was terrible.
. . . .
Q. On June 11th the pain you felt, was that in the same area that you had hurt on the two previous occasions that you have described?
A. Sort of.
Q. What do you mean by sort of?
A. Like I am saying the pain shot up underneath my right shoulder blade.
Q. Was that the type of pain that you had on the two prior occasions?
A. No, not exactly. It would go to my legs and the lower portion of my back.

wealth Ct. 337, 390 A.2d 880 (1978); Workmen's Compensation Appeal Board v. Bethlehem Mines Corp., 22 Pa. Commonwealth Ct. 437, 349 A.2d 529 (1975).

We believe that the recent Supreme Court decision in Morgan v. Giant Markets, Inc., 483 Pa. 421, 397 A.2d 415 (1979), requires us to hold that this case comes within the latter rule. In Morgan, the Court held that:

[w]here one is doing an act that requires force or strain and pain is experienced at the point of force or strain, the injury may be found to have been established. Pain is an excellent symptom of an injury. Of course, the trier of fact will determine the credibility of the witness's testimony as to the total situation. We, therefore, find substantial competent evidence in the record to support the conclusion of the Workmen's Compensation Board of Appeals, that the above facts establish a causal connection between the work incident and appellant's injury.

483 Pa. at 424, 397 A.2d at 416.

The Supreme Court reached this conclusion despite the fact that Morgan had a history of prior back trouble to which his disability could have been attributed.

Accordingly, we conclude that our disposition in this case must be controlled by *Morgan* and *Sacks* and that the Employer's reliance upon *Bentworth* is misplaced, since the Claimant in *Bentworth* was proceeding on a reinstatement petition and failed to produce necessary medical testimony to establish that her existing disability was related to, and therefore was the result of, a recurrence of the prior work-related injury.

Since we find no error in the referee's decision which would support the Board's action in reversing his determination, we must reverse the order of the Board.

ORDER

Now, October 17, 1985, the order of the Workmen's Compensation Appeal Board, dated October 11, 1984, No. A-84780, is reversed and the referee's order for the payment of compensation is hereby reinstated, United Parcel Service, Employer and/or its insurer, Liberty Mutual Insurance Company, to pay to Claimant compensation for the period of disability from June 11, 1981 to August 27, 1981, with interest as provided in the Act, as well as payment to Claimant in reimbursement for medical and litigation charges as required under the Act.