## Cleo V. Hill *v.* City of Philadelphia. Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania. Cleo V. Hill, Appellant.

Argued April 8, 1976, before Judges KRAMER, WILKINSON, JR. and BLATT, sitting as a panel of three.

*Bruce Fox,* for appellant.

*Tyler E. Wren,* Assistant City Solicitor, with him *James M. Penny, Jr.,* Assistant City Solicitor, *Stephen Arinson,* Chief Deputy City Solicitor, *Sheldon L. Albert,* City Solicitor, and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE WILKINSON, May 14, 1976:

In the brief filed by the appellee in this Court, for the first time the question has been raised of the timeliness of the appeal from the referee's decision denying appellant compensation. In the present state of the record, it would appear that the referee's decision was mailed on May 11, 1973. The appeal to the Board appears to have been filed on July 9, 1973, well beyond the 20-day appeal period. If these dates are accurate, then this appeal must be dismissed. See Judge KRAMER's opinion and cases collected in *Dinges Transfer v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 468, 326 A.2d 668 (1974).

By supplemental brief authorized to be filed, appellant raised the question of the accuracy of the record and asserts that, given an opportunity, the record's inaccuracy in this regard can be established. Under these circumstances and since the matter was not raised before the Board, we will remand the case to the Board for a determination of the accuracy of the record on timeliness of the appeal from the referee's decision.

This Court's confidence in this record is not enhanced by the fact that Dr. Stein's report was relied upon by the

referee and referred to by the Board in its opinion but does not appear of record. Furthermore, as far as we can determine, appellant has not had an opportunity to cross-examine Dr. Stein. If the Board should determine that the record in its present state is inaccurate and should determine further that the appeal from the referee was timely filed, then further proceedings must be had to have Dr. Stein's report properly introduced into the record.

Accordingly, we enter the following

### ORDER

Now, May 14, 1976, this case is remanded to the Workmen's Compensation Appeal Board for determination of the timeliness of the appeal from the decision of the referee and, if the appeal is determined to have been timely filed, for further proceedings to have Dr. Stein's report properly introduced into the record.

Judge KRAMER did not participate in the decision in this case.