Emory R. Kistler, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Hempt Brothers, Inc., Respondents.

Argued September 12, 1980, before Judges WILKINSON, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*Constance P. Brunt,* with her *Bruce D. Foreman, Melman, Gekas, Nicholas & Lieberman,* for petitioner.

*Paul L. Zeigler, Goldberg, Evans & Katzman,* for respondents.

OPINION BY JUDGE ROGERS, October 23, 1980:

Emory R. Kistler has appealed from an order of the Workmen's Compensation Appeal Board (Board)

upholding a referee's denial of workmen's compensation benefits for injuries allegedly received in the course of his employment. We affirm.

Kistler filed a claim petition for workmen's compensation benefits on June 29, 1978 alleging that he had, seven months earlier, suffered a detached retina of the right eye when the truck he was driving "bucked" while discharging a load of stone causing his head to strike the roof of the cab. Kistler was not represented at the several hearings conducted by the referee. Despite the advice of a most considerate referee, Kistler was unwilling to produce medical evidence necessary to prove that the detached retina was work-related. The referee advised Kistler to produce the testimony of his treating physician during the relevant period and hearings were twice fixed and held for this purpose without result. Kistler at one point sought to introduce a letter from his treating physician despite a previous warning that such evidence would not be admitted over the objection of the employer's carrier.

During the course of the hearings Kistler testified on direct that he had suffered eye disorders for ten years, and on cross-examination, that the blow to the head which allegedly caused his injury had been an almost daily occurrence in his occupation without prior harmful effect. He also admitted that he had not realized that he was injured until he had an eye examination two days after the alleged blow to his head.

On this record the referee found that claimant had not sustained his burden by failing to introduce competent evidence of the injury and the causal relation between that injury and the job connected incident. We agree.

Of course claimant had the burden to prove, by competent evidence, all elements necessary to support an award. *Nevison v. Food Fair Stores,* 208 Pa. Su-

perior Ct. 501, 224 A.2d 93 (1966). Section 422 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §834 requires that all of the referee's findings of fact be supported by competent evidence. Lay testimony is probative on the issue of physical injury and the cause of that injury only if the cause and effect are so immediate, direct, and natural to common experience as to obviate any need for expert medical opinion. *Davis v. Davis*, 80 Pa. Superior Ct. 343, 345-346 (1923) (cases collected). In *St. Denis v. Workmen's Compensation Appeal Board*, 29 Pa. Commonwealth Ct. 375, 371 A.2d 252 (1977), we stated that a finding of the requisite causal connection between accident and injury without supporting medical testimony would constitute reversible error unless the causal connection was both direct and obvious. *Id.* at 380 n. 3, 371 A.2d at 254 n. 3. The causal connection between the blow to the top of claimant's head and the detached retina allegedly resulting, especially in light of his related medical history, is not sufficiently direct and obvious to permit the factfinder to dispense with expert assistance.

Kistler asks us to remand this case to the Board to allow the introduction of the medical testimony which he failed to produce before. Several cases are cited to indicate our past readiness to order such a remand. However, in each of those cases a remand was necessary to recreate for our review elements of the record which were relied on below but which, without explanation, were missing on appeal. *Hill v. City of Philadelphia*, 24 Pa. Commonwealth Ct. 611, 357 A.2d 227 (1976) (missing physicians report relied on by the referee and referred to by the Board); *Del Penn Steel Corp. v. Abrams*, 8 Pa. Commonwealth Ct. 226, 302 A.2d 875 (1973) (transcripts of testimony from two days of hearings inexplicably missing); *Matje v. City of Philadelphia, Police Dept.*, 11 Pa. Commonwealth

Ct. 99, 312 A.2d 470 (1973) (missing transcript of expert medical testimony). Wholly different considerations are presented by the request for a remand in the instant case. The record before this court is complete as presented. Abundant opportunity was afforded claimant to introduce whatever evidence he felt would be helpful in his cause and he was repeatedly advised as to the sort of evidence required. There is no indication that any evidence now available could not, with due diligence, have been presented when requested by the referee.

Accordingly, we enter the following

ORDER

AND Now, this 23rd day of October, 1980, the decision of the Workmen's Compensation Appeal Board is hereby affirmed.