Hills Department Store and Employers Insurance of Wausau, Petitioners *v.* Workmen's Compensation Appeal Board (Darlene M. Price Breon), Respondents.

Argued November 15, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Raymond F. Keisling, Will & Keisling,* for petitioners.

No appearance for respondents.

OPINION BY JUDGE WILLIAMS, JR., March 23, 1983:

Hills Department Store (employer) appeals an order of the Workmen's Compensation Appeal Board (Board), which affirmed the granting of total disability benefits to Darlene Mae Price Breon (claimant).

On February 14, 1973, the claimant suffered an injury to her back when she slipped and fell on ice in her employer's parking lot while on her way to work. Upon falling, she immediately experienced pain and a loss of breath. The claimant reported to her work place and informed her superior of her accident. That same day she was forced to leave work and return home since she was unable to continue to withstand the pain from her fall.

The claimant applied for benefits which were granted by a referee upon a finding that she was totally disabled as a result of her fall. The Board affirmed. The employer appeals to this Court contending that it was error to award benefits since the claimant did not present unequivocal medical testimony to show causation between her work accident and disability.

Unequivocal medical testimony is required to establish a causal connection between an accident and a disability only where the connection is not obvious. *Montgomery Mills Co. v. Workmen's Compensation Appeal Board,* 26 Pa. Commonwealth Ct. 471, 364 A.2d 508 (1976). Where a claimant's disability is obviously and directly the result of a work incident,

the factfinder is not required to depend upon medical testimony to find causation. *Simons v. Workmen's Compensation Appeal Board,* 52 Pa. Commonwealth Ct. 575, 415 A.2d 1290 (1980). In the instant case the referee found that the claimant slipped, fell and immediately experienced pain in her back. Substantial evidence exists in the record to support these findings. It is clear that the claimant's fall caused her disability. ''Pain is an excellent symptom of an injury.'' *Morgan v. Giant Markets,* 483 Pa. 421, 424, 397 A.2d 415, 416 (1979). We therefore conclude that unequivocal medical testimony was not required to establish causation in this case.

This conclusion is unaffected by the employer's contention that the claimant had a history of a previous back injury. The claimant was a woman 23 years old at the time of her accident. The back injury to which the employer refers was sustained by the claimant when she was seven. The undisputed testimony of the claimant reveals that prior to her fall, she would occasionally take medication to relieve pain in her lower back, otherwise she was unrestricted in her activity. Her condition after her fall in 1973 is markedly different. As a result of her fall, the claimant is unable to stoop or bend without complication, cannot stand very long without experiencing pain, cannot lift anything heavier than five pounds, continues to be in traction for several days a month, and is restricted primarily to sedentary employment. We cannot conclude that an injury suffered some 16 years prior to the claimant's work accident should require her to produce unequivocal medical testimony when the cause of her disability is as obvious as it is in this case.

Therefore, the order of the Board granting benefits to the claimant is hereby affirmed.

ORDER

AND NOW, this 23rd day of March, 1983, the order of the Workmen's Compensation Appeal Board, dated August 14, 1980, No. A-75503, granting benefits to the claimant Darlene Mae Price Breon is hereby affirmed.