Jean Clark, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

514

Argued December 5, 1983, before President Judge CRUMLISH, JR., and Judges WILLIAMS, JR. and BLATT, sitting as a panel of three.

*Andrew F. Erba,* for petitioner.

*Charles G. Hasson,* Acting Deputy Chief Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

Opinion by Judge Blatt, February 29, 1984:

Jean Clark (claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) denying her benefits on the basis that her unemployment is due to her own fault. Section 3 of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §752.[1]

The Board found that the Office of Housing and Development of the Redevelopment Authority of the City of Philadelphia (employer) discharged the claimant from her job as a community worker after she was convicted of perjuring herself in the course of a Grand Jury Investigation. Following her discharge, the claimant applied for compensation benefits to the Office of Employment Security (OES) which denied her claim pursuant to Section 402(e) of the Law, *as amended*, 43 P.S. §802(e) (willful misconduct). On appeal to the referee, this order was affirmed but

---

[1] Section 3 of the Law, 43 P.S. §752, provides in pertinent part that:

Security against unemployment and the spread of indigency can best be provided by the systematic setting aside of financial reserves to be used as compensation for loss of wages by employes during periods when they become *unemployed through no fault of their* own. . . . The Legislature, therefore, declares that in its considered judgment the public good and the general welfare of the citizens of this Commonwealth require the exercise of the police powers of the Commonwealth in the enactment of this act for the compulsory setting aside of unemployment reserves to be used *for the benefit of persons unemployed through no fault of their own.* (Emphasis added.)

We have held that Section 3 of the Law, 43 P.S. §752 has substantive effect and application, apart from the specific grounds for ineligibility under Section 402 of the Law, 43 P.S. §802. *Perdue v. Unemployment Compensation Board of Review*, 28 Pa. Commonwealth Ct. 641, 369 A.2d 1334 (1977) and cases cited therein.

modified so as to deny the claim pursuant to Section 3 of the Law (unemployment due to employee's own fault). The Board affirmed the referee's order to deny the claim but predicated its decision on that of the OES, *i.e.*, willful misconduct; later, upon request of the claimant, the Board vacated this decision and remanded the case to a Hearing Officer. After receiving the supplemented record, the Board again denied the claim on the basis of willful misconduct. An appeal to this Court followed but, prior to argument, the parties agreed by stipulation to a second remand. The resulting third and final Board order denied the claimant benefits because the Board found, pursuant to Section 3 of the Law, that her unemployment was due to her own fault. The present appeal followed.[2] The claimant argues that the employer failed to sustain its burden of proof.

In *Unemployment Compensation Board of Review v. Derk*, 24 Pa. Commonwealth Ct. 54, 57, 353 A.2d 915, 917 (1976), we held that:

> In order to deny compensation under Section 3 of the Act, more is needed than mere evidence of an arrest for a crime. The employer must present some evidence showing conduct of the claimant leading to the criminal arrest which is inconsistent with acceptable standards of be-

---

[2] Although Department of Labor and Industry regulations, 34 Pa. Code §101.87 and 34 Pa. Code §101.107, prohibit the referee from basing a decision on a legal issue other than the one found in the OES determination, we have held in *Libonate v. Unemployment Compensation Board of Review*, 57 Pa. Commonwealth Ct. 422, 426 A.2d 247 (1981) that a remand in such a case would cure any prejudice to the claimant. In light of the numerous remands and rehearings in the present case, however, we find that the claimant has not been prejudiced by the change in legal theory from the original OES determination to the final Board order. Moreover, the issue has not been raised by the claimant before the agency or before this Court.

havior and which *directly* reflects upon his ability to perform his assigned duties. Of course, no proof of criminal conviction is necessary. . . . The employer need only produce evidence that would have established fault on the part of the employee which would be incompatible with his work responsibilities. (Citations omitted.) (Emphasis in original.)

However, proof of a criminal conviction directly reflecting on a claimant's ability to continue at work was held to constitute "highly persuasive, if not controlling, evidence of a violation of the restrictions of Section 3 of the Act". *Id.* at 57 n.2, 353 at 917 n.2. And, in an unemployment compensation case such as this, where the party with the burden of proof prevailed below, our scope of review is limited to determining whether or not the factual findings are supported by substantial evidence and whether or not an error of law has been committed. *Wright v. Unemployment Compensation Board of Review,* 66 Pa. Commonwealth Ct. 506, 445 A.2d 556 (1982).

Although the Board did make a finding of fact based on substantial evidence that the claimant had been convicted of perjury, it failed to make a finding regarding the nature of the claimant's assigned duties in her position as a community worker in the office of the employer. And, without such a finding, we are unable to apply the legal standard articulated by this court in *Derk.* Our only proper course of action, therefore, is to remand to the Board. *Hill v. City of Philadelphia,* 24 Pa. Commonwealth Ct. 611, 357 A.2d 227 (1976).

Inasmuch as the procedural history of this appeal includes a number of rehearings and at least two remands prior to argument before this court, we spe-

cifically instruct the Board, upon this remand, to make a finding of fact regarding the nature of the claimant's work for the employer and to determine her eligibility for compensation under Section 3 of the Law, 43 P.S. §752. We also note that the Board order appealed from confuses the Section 3 issues with those applied in willful misconduct cases,[3] and we would, therefore, emphasize that the legal test applicable pursuant to Section 3 does *not* require the claimant's actions to have been a breach of an employer's rule or policy but merely that those actions were incompatible with the employee's work responsibilities.[4]

We will vacate and remand to the Board for findings of fact and conclusions of law consistent with this opinion. Jurisdiction relinquished.

## ORDER

AND Now, on this 29th day of February, 1984, we hereby vacate the order of the Board and remand to the Board for findings of fact and conclusions of law regarding the claimant's eligibility under Section 3 of the Law, 43 P.S. §752. Jurisdiction relinquished.

---

[3] The Board reasoned that:

It is to be noted that the claimant's perjury was before the Grand Jury and not immediately connected with the performance of her duties for the City. Nevertheless, it was the policy of the employer that employees maintain exemplary standards of conduct. Claimant's conviction of perjury is inconsistent with this policy. By such involvement in a criminal offense, the claimant's unemployment must be considered as being through her own fault and benefits must, therefore, be denied.

[4] *See J. D'Iorio v. Unemployment Compensation Board of Review*, 42 Pa. Commonwealth Ct. 443, 400 A.2d 1347 (1979). In *D'Iorio*, we held that a police detective who was discharged for associating with known felons had compromised the investigative integrity of the Department and thus was unemployed through his own fault.