Richard Sokol, Petitioner *v.* Workmen's Compensation Appeal Board (State Regional Correctional Facility at Mercer and State Workmen's Insurance Fund), Respondents.

Argued May 10, 1985, before Judges MacPhail and Colins, and Senior Judge Blatt, sitting as a panel of three.

*Lewis P. McEwen, Bogaty, McEwen, Sparks & Kochems,* for petitioner.

*Paul Dufallo,* with him, *S. James Goldman,* Assistant Chief Counsel, *S. James Goldman, P.C.,* for respondents.

OPINION BY JUDGE MacPHAIL, August 28, 1985:

Richard Sokol (Petitioner) appeals a decision of the Pennsylvania Workmen's Compensation Appeal Board (Board) which reversed a referee's award of benefits.

Petitioner was employed as a prison guard by the State Regional Correctional Facility at Mercer, Pennsylvania (Employer). On January 24, 1981, while bending down to conduct a routine "pat" search of inmates, Petitioner felt a sharp pain in his back, his left side, and his leg. Petitioner reported this incident to his supervising officer, Lieutenant Harry Wilson. Petitioner also went to the infirmary for medication to relieve his back pain.

Petitioner did not work the next day. On January 26, 1981, Petitioner was admitted to Sharon General Hospital with a diagnosis of a ruptured intervertebral disc. Shortly thereafter, Petitioner underwent a myelogram, a laminectomy and discectomy.

On April 2, 1981, Petitioner filed a claim for compensation and after a hearing, the referee found that Petitioner had sustained an injury during the course of his employment and awarded benefits. The Employer appealed, arguing that Petitioner had not established a causal connection between the injury and his work with unequivocal medical evidence. The Board sustained Employer's appeal and reversed the

referee's award of benefits. The instant appeal ensued.

Where there is no obvious causal relationship between an injury and work activity, a workmen's compensation claimant must establish the causal connection with unequivocal medical testimony in order to recover, *Myers v. Workmen's Compensation Appeal Board (Firestone Tire & Rubber Co.)*, 67 Pa. Commonwealth Ct. 603, 447 A.2d 1094 (1982), but where a claimant's disability is obviously and directly the result of a work incident, medical testimony is not required to establish the causal connection. *Hills Department Store v. Workmen's Compensation Appeal Board (Breon)*, 73 Pa. Commonwealth Ct. 82, 457 A.2d 226 (1983). We have stated that "[l]ay testimony is probative on the issue of physical injury and the cause of that injury only if the cause and effect are so immediate, direct, and natural to common experience as to obviate any need for expert medical opinion." *Kistler v. Workmen's Compensation Appeal Board*, 54 Pa. Commonwealth Ct. 334, 337, 421 A.2d 500, 501 (1980).

Employer argues here that it is not clear that patting down prisoners involves force or strain and that therefore the Board was correct in holding that in the absence of unequivocal medical testimony, Petitioner had not established that his back injury arose in the course of his employment. Petitioner argues that pain is an excellent symptom of an injury, citing *Morgan v. Giant Markets, Inc.*, 483 Pa. 421, 397 A.2d 415 (1979), and because Petitioner experienced pain when he performed the pat search, the connection between the activity and his injury was obvious.

We believe that this case falls within the rule that where a claimant's injuries are immediately and directly the result of an accident, medical testimony is not required. *Munns v. Easthome Furniture Indus-*

*tries, Inc.,* 193 Pa. Superior Ct. 61, 164 A.2d 30 (1960). In *Munns,* the claimant was using an air gun stapler. As she was doing her work, claimant twisted or sprained her arm and shortly thereafter felt a numbness in her fingers. Claimant continued to work, but her pain increased to the point where she had to be admitted to the hospital. Diagnostic tests revealed an injury compatible with a ruptured disc. The claimant had no prior history of back trouble. Although claimant's treating phpsician's testimony was not sufficiently, unequivocal to establish the necessary causal connection, compensation was awarded because claimant's injury was of such nautre as to be the natural and probable result of the accident.

Similarly, in *Morgan,* the claimant experienced severe back pain when he tried to unload his bakery truck. No medical witnesses testified on behalf of this claimant. Our Supreme Court granted compensation benefits, reasoning that "[w]here one is doing an act that requires force or strain, the injury may be found to have been established. Pain is an excellent symptom of an injury." 484 Pa. at 424, 397 A.2d at 417.

In the instant case, Petitioner was performing his job when he immediately felt a sharp pain in his back. Within two days, surgery was determined to be necessary to treat Petitioner's injury. Under these circumstances, we hold that unequivocal medical testimony is not necessary to establish what is apparent from the chain of events. *Yellow Cab Co. v. Workmen's Compensation Appeal Board,* 37 Pa. Commonwealth Ct. 337, 390 A.2d 880 (1978).

Where the referee's findings are supported by substantial evidence, and the Board, as here, takes no additional evidence, the referee's findings must be accepted. *Rowan v. Workmen's Compensation Appeal Board,* 58 Pa. Commonwealth Ct. 56, 426 A.2d 1304 (1981). Since we conclude that there is substantial

evidence to support the referee's finding that Petitioner had sustained an injury during the course of his employment, we must reverse the Board.

Accordingly, we reverse the Board and reinstate the order of the referee.

ORDER

The order of the Workmen's Compensation Appeal Board, No. A-82249, dated February 3, 1983, is hereby reversed.

---

DISSENTING OPINION BY JUDGE BLATT:

I respectfully dissent. I can not agree with the majority's conclusion that the nexus between the act of "patting down" a prison inmate and a ruptured disc is "so immediate, direct and natural to common experience as to obviate any need for expert medical opinion." *Kistler v. Workmen's Compensation Appeal Board,* 54 Pa. Commonwealth Ct. 334, 421 A.2d 500 (1980).

Moreover, my understanding of our Supreme Court's opinion in *Morgan v. Giant Markets, Inc.,* 483 Pa. 421, 397 A.2d 415 (1979) leads me to believe that lay testimony concerning pain can be evidence of an injury only where the causal connection between the accident and the disability has first been deemed obvious. And whether or not that connection is obvious is a question of law. It seems to me, therefore, that, even where a referee would choose to believe the claimant's testimony regarding pain experienced in the course of employment, the underlying legal question of causation remains reviewable by the Board and by this Court.

The majority opinion appears to imply that, because the referee accepted as true the claimant's statement that he experienced pain in the course of "pat-

ting down'' a prison inmate, causation has been established. I would maintain, however, that where, as here, the ordinary person would not view a ruptured disc as being a normal consequence of a ''pat down'', unequivocal medical evidence is needed to establish the claimant's right to benefits.

Accordingly, I would have affirmed the Board's denial of benefits in this case.