Randy O. Sheaffer, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 13, 1985, before Judges COLINS and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Geoffrey M. Biringer,* with him, *Frederic Chardon,* for petitioner.

*Charles D. Donahue,* with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, and *James K. Bradley,* Associate Counsel, for respondent.

OPINION BY JUDGE PALLADINO, October 28, 1985:

Randy O. Sheaffer (Claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) affirming a referee's decision to deny unemployment compensation benefits to Claimant under Section 3 of the Unemployment Compensation Law[1] (Law) (declaration of public policy that benefits will be granted only to persons unemployed through no fault of their own).

Claimant was employed by Wilton Company (Employer) as a grinder, where he worked for one year and three months until his last day of employment on March 4, 1983. On March 2, 1983, while at his place of employment, Claimant was arrested by the Mt. Joy police and charged with burglary and theft for a crime

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §752. This section provides in pertinent part:

Security against unemployment and the spread of indigency can best be provided by the systematic setting aside of financial reserves to be used as compensation for loss of wages by employes during periods when they become unemployed *through no fault of their own.* . . . The Legislature, therefore, declares that in its considered judgment the public good . . . require[s] . . . the enactment of this act for the compulsory setting aside of unemployment reserves to be used for the benefit of persons unemployed through no fault of their own. (Emphasis added.)

which was not committed against Employer.[2] When he returned to work two days later, Claimant spoke to Employer and admitted that he was guilty of the theft, whereupon he was given the option of resigning or being dismissed. Claimant opted to resign but, as the referee found, in light of the choice offered him Claimant had in effect been discharged by Employer because of the theft.[3]

Relying on Section 3 of the Law, the referee denied unemployment compensation benefits to Claimant, holding that such benefits are available only to those individuals who are unemployed through no fault of their own, while Claimant's discharge was certainly caused by his own fault. The Board affirmed the referee's decision.

On appeal to this Court, Claimant argues that the evidence does not establish fault on his part which would be incompatible with his work responsibilities, and that he cannot, therefore, be precluded from benefits by reason of Section 3.

Initially, we note that our scope of review of this case is limited to determining whether or not the factual findings are supported by substantial evidence and whether or not an error of law has been committed. *Clark v. Unemployment Compensation Board of Review*, 80 Pa. Commonwealth Ct. 513, 517, 471 A.2d 1309, 1310 (1984).

---

[2] At the time of the hearing before the referee, Claimant had not yet been brought to trial on the burglary and theft charges against him. Since the sole reason for his discharge was his admission of having committed the offenses, Claimant's availability for work was not an issue in this case.

[3] Where a claimant technically resigns in order to avoid imminent dismissal, the Board may properly treat the separation from employment as if it were a discharge. *Philadelphia Parent Child Center, Inc. v. Unemployment Compensation Board of Review*, 44 Pa. Commonwealth Ct. 452, 403 A.2d 1362 (1979).

It is well settled that Section 3 of the Law has substantive effect and application, and sets forth an independent basis upon which to deny compensation in addition to the bases for disqualification specifically enumerated in Section 402 of the Law.[4]  *Drumm v. Unemployment Compensation Board of Review*, 75 Pa. Commonwealth Ct. 449, 450, n. 1, 462 A.2d 345, n. 1 (1983). This Court has held that:

> In order to deny compensation under Section 3 of the [Law], more is needed than mere evidence of an arrest for a crime. The employer must present some evidence showing conduct of the claimant leading to the criminal arrest which is inconsistent with acceptable standards of behavior and which *directly* reflects upon his ability to perform his assigned duties. Of course, no proof of criminal conviction is necessary. . . . The employer need only produce evidence that would have established fault on the part of the employee which would be incompatible with his work responsibilities. (Citations omitted.) (Emphasis in original.)

*Clark*, 80 Pa. Commonwealth Ct. at 516-517, 471 A.2d at 1310, *citing Unemployment Compensation Board of Review v. Derk*, 24 Pa. Commonwealth Ct. 54, 57, 353 A.2d 915, 917 (1976). We have previously considered a number of factors in determining whether a claimant's criminal conduct directly reflects upon his ability to do his job. Among these factors are the assigned job duties of a claimant,[5] the type of criminal offense involved,[6] the employer's need to trust his em-

---

[4] 43 P.S. §802.

[5] The need to make findings of fact as to a claimant's assigned work responsibilities was considered of primary importance in *Clark*, 80 Pa. Commonwealth Ct. at 517, 471 A.2d at 1310.

[6] In *Unemployment Compensation Board of Review v. Ostrander*, 21 Pa. Commonwealth Ct. 583, 347 A.2d 351 (1975), for example,

ployee,[7] and other circumstances that prove relevant to a particular case.[8]

In the case at bar, the Board has found that Claimant admitted to committing acts which are clearly inconsistent with acceptable standards of behavior. The Board has failed, however, to make any findings concerning the issue of whether Claimant's culpable

this Court held that a truck driver's conviction on the charge of conspiracy to violate the civil rights of a fellow truck driver was of a sufficiently serious nature as to support a finding of Section 3 fault. Also, in *Adams v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 486, 397 A.2d 861 (1979), we held that a claims manager was at fault, for Section 3 purposes, because the taint of his conviction for conspiracy and mail fraud had effectively impugned his credibility as a representative of his employer to its insureds and as a court witness.

[7] A number of our cases involving Section 3 have turned on the question of whether or not a claimant was employed in a "position of trust." *See, e.g., Perdue v. Unemployment Compensation Board of Review*, 28 Pa. Commonwealth Ct. 641, 369 A.2d 1334 (1977) (record showed that conviction for theft directly reflected upon claimant's ability to perform the duties required of a construction inspector who was in a position of trust) *and Dombroskie v. Unemployment Compensation Board of Review*, 45 Pa. Commonwealth Ct. 546, 405 A.2d 1044 (1979) (security officer, who is by definition in a position of trust, held to be at fault, for Section 3 purposes, for having admitted to an offense involving moral turpitude). It is true that certain occupations, by reason of their sensitive nature, are especially susceptible to the adverse affects of an employee's unacceptable conduct. We note in passing, however, that whether an employee is in a position of trust is a question of degree, since the element of trust is, to some extent, a requirement of any employer-employee relationship. While it is a factor to be considered by the Board in determining Section 3 fault, it is not necessarily the dispositive factor in all cases.

[8] *See, e.g., D'Iorio v. Unemployment Compensation Board of Review*, 42 Pa. Commonwealth Ct. 443, 400 A.2d 1347 (1979) (police detective was at fault, for Section 3 purposes, where his actions and associations severely compromised the investigative efficiency of the office which is built in large measure in trust and cooperation between the various law enforcement agencies, all of which had knowledge of claimant's associations).

conduct adversely affects his ability to perform his work responsibilities. Without such findings, "we are unable to apply the legal standard articulated by this Court in Derk." *Clark,* 80 Pa. Commonwealth Ct. at 517, 471 A.2d at 1311.

This Court, when conducting its function of appellate review, may not fill a factual void. *Guth v. Unemployment Compensation Board of Review,* 81 Pa. Commonwealth Ct. 79, 473 A.2d 228 (1984). Therefore, we vacate the Board's decision and order, and remand for specific findings of fact on the following:

a) the nature of Claimant's assigned duties;

b) the specific nature of the offense committed by Claimant;

c) whether Claimant's job requires any special degree of trust on the part of Employer, considering particularly whether Claimant works with items of value and whether he is normally under the direct supervision of Employer; and

d) any other circumstances which may particularly affect Claimant's ability to do his job, including whether the crime occurred on or off Employer's premises, and whether or not it involved any of Employer's other workers or clients.

ORDER

AND Now, October 28, 1985, we hereby vacate the order of the Unemployment Compensation Board of Review at No. B-220003, dated July 15, 1983, and remand to the Board for further proceedings and specific findings of fact consistent with the foregoing opinion.

Jurisdiction relinquished.