505 A.2d 1065

Thomas C. Cardyn, Petitioner *v.* Workmen's Compensation Appeal Board (Heppenstall and Penna. Mfr. Assn. Ins.), Respondents.

Argued March 12, 1985, before Judges MacPHAIL and BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*Thomas P. Geer,* for petitioner.

*Leonard P. Kane, Jr.,* with him, *Roy F. Walters, Jr.,* and *Michael Relich, Fried, Kane, Walters & Zuschlag,* for respondents.

OPINION BY JUDGE BARRY, March 4, 1986:

Thomas Cardyn, the claimant, appeals from an order of the Workmen's Compensation Appeal Board reversing an order of the referee and denying benefits.

The claimant had been employed by the Heppenstall Company since 1965. On March 15, 1974, he was attempting to loosen a bolt when the wrench he was using slipped, causing him to fall and strike his right knee on the floor. The claimant, who has a long history of medical problems with both of his knees, was taken to West Penn Hospital for x-rays. The claimant returned to work on March 19; in spite of experiencing a great deal of pain in the right knee, he worked a full shift. He also reported for work on March 20 but the pain prevented him from finishing his shift.

The claimant had a total plastic knee replacement performed by Dr. Herbert R. Tauberg on July 26, 1974. Following the surgery, the knee became infected. Because of numerous problems, the plastic knee was replaced in April of 1977. When the difficulties persisted the second plastic knee was removed and the knee joint was fused in January of 1978. The claim-

ant has been unable to return to work since March 20, 1974.

The claimant filed a claim petition in June of 1975. Hearings were conducted between 1976 and 1979; the claimant and Dr. Tauberg testified for the claimant and Dr. Robert Botkin testified for the employer. The referee awarded benefits. The Board reversed, holding that the claimant had not presented unequivocal medical testimony to show causation between the disability and the work injury.

The claimant took an appeal to this Court. Following argument in March of 1984, we discovered that the transcript of the claimant's testimony had not been made a part of the record in this case. In an unpublished memorandum opinion of April 3, 1985, we remanded to the Board for inclusion of the missing transcript and reconsideration within sixty days of its order reversing the referee. Upon reconsideration of the complete record, the Board reaffirmed its original order. Because we had retained jurisdiction in our April 3 order, the matter was returned to us for disposition.

The claimant argues that the Board erred in requiring unequivocal medical testimony since claimant's own testimony established that the connection between the knee surgery and the fall at work was obvious, thereby obviating the need for expert testimony. The claimant testified that Dr. Tauberg had recommended the surgery as early as 1972, but that he had refused the operation because, although in pain, he was able to cope and perform his job. He further testified that the pain increased immediately after the fall to such an extent that he could not work. He therefore decided to have the surgery.

When Dr. Tauberg was asked about the relationship between the fall and the surgery, he testified, "I can't say that the injury itself made him have the

surgery because we recommended the surgery before this. The only thing I can say is it could have speeded him up to come in to the hospital to have treatment." (Deposition of Dr. Tauberg, 11/19/78, p. 17). The Board cited this testimony as equivocal and used it as the basis for its reversal of the referee. We believe the Board erred in its holding.

Neither the employer nor the Board disputes the causal connection between the claimant's surgery and his present disability. Both believe, however, that the claimant failed to meet his burden of proving that the work injury caused the claimant to submit to the surgery, citing the equivocal nature of Dr. Tauberg's testimony.

Were the claimant required to prove the causal connection between the injury and the surgery by expert medical testimony, we would have to hold that Dr. Tauberg's testimony was equivocal unless it could be construed to be considered a finding of aggravation of a pre-existing condition. We do not believe, however, that expert medical testimony is needed in this case.

In *Morgan v. Giant Markets,* 483 Pa. 421, 397 A.2d 415 (1979), the claimant was unloading a truck when he felt his lower back "give-way" and then collapsed. At a hearing before a referee, the claimant did not put on a medical expert to establish the connection between the work incident and his subsequent disability. The referee awarded benefits and the Board affirmed. We reversed, holding that the record did not disclose an obvious causal connection; since the claimant failed to produce a medical expert on this question, we held that the claimant had failed to meet his burden of proof so as to entitle him to benefits. *Giant Markets v. Morgan,* 28 Pa. Commonwealth Ct. 439, 368 A.2d 885 (1979). In reversing, the Supreme Court stated, "Where one is doing an act that requires

force or strain and pain is experienced at the point of force or strain, the injury may be found to have been established. *Pain is an excellent symptom of an injury."* 483 Pa. at 424, 397 A.2d at 416 (emphasis added).

In *Hills Department Store et al. v. Workmen's Compensation Appeal Board (Breon),* 73 Pa. Commonwealth Ct. 82, 457 A.2d 226 (1983), the twenty-three year old claimant, who had experienced back problems since the age of seven, fell at work and was thereafter unable to work because of the pain. We first held that the causal connection was obvious and no expert testimony was required. The employer attempted to distinguish *Morgan* because of the claimant's history of back problems. As we stated:

> The undisputed testimony of the claimant reveals that prior to her fall, she would occasionally take medication to relieve pain in her lower back, otherwise she was unrestricted in her activity. Her condition after her fall in 1973 was markedly different. As a result of her fall, the claimant is unable to stoop or bend without complication, cannot stand very long without experiencing pain, cannot lift anything heavier than five pounds, continues to be in traction for several days a month, and is restricted primarily to sedentary employment. We cannot conclude that an injury suffered some 16 years prior to the claimant's work accident should require her to produce unequivocal medical testimony *when the cause of her disability is as obvious as it is in this case.*

*Hills Department Store* at 84, 457 A.2d at 227 (emphasis added). We believe that the present case is indistinguishable from *Hills Department Store.* Here, the referee chose to believe the claimant's testimony concerning the substantial increase in pain following

the fall at work. As this credibility determination is beyond our review, claimant's own testimony established the obvious causal connection. The Board, therefore, erred in requiring unequivocal medical testimony.

The employer relies on our decision in *Kistler v. Workmen's Compensation Appeal Board,* 54 Pa. Commonwealth Ct. 334, 421 A.2d 500 (1980), as requiring unequivocal medical testimony. There, the claimant had a ten year history of eye disorders. While discharging a load of stone from the truck he was driving, the vehicle "bucked", causing him to strike his head on the roof of the cab. When he subsequently discovered that he had suffered a detached retina, he filed a claim petition. At his hearing, the claimant did not produce medical testimony on the issue of causation. The referee denied benefits. Both the Board and this Court affirmed because of the failure to produce such expert testimony. Two crucial factual differences exist, however, to render *Kistler* inapposite. First, the claimant there did not even know of his injury until he had his eyes examined two days after the incident. Second, the claimant also testified that bumping his head on the roof of the cab was an almost daily occurrence. These facts, which are not present in the present case, required medical testimony as to causation.

## ORDER

Now, March 4, 1986, the July 24, 1985 order of the Workmen's Compensation Appeal Board, reaffirming its September 24, 1982 order at No. A-78359, is reversed and the referee's award is reinstated.