539 A.2d 956

Thomas E. Mills, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 6, 1988, to Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Stephen M. Schmerin,* for petitioner.

*Peter E. Horne,* for intervenor, City of New Castle.

OPINION BY JUDGE SMITH, April 7, 1988:

Petitioner Thomas E. Mills (Claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) reversing the referee's decision and denying unemployment benefits to Claimant under Section 3 of the Pennsylvania Unemployment Compensation Law (Law)[1] (declaration of public policy that benefits will be granted only to persons unemployed through no fault of their own). The issue presented in this appeal is whether a claimant who commits and pleads guilty to the crime of receiving stolen property and is discharged as a consequence thereof is ineligible to receive benefits under Section 3 of the Law.[2] The Board's decision and order is vacated and the case is remanded.

Claimant was employed by the City of New Castle (Employer) as an animal warden from April, 1973 until January 21, 1987, the date of his termination. Claimant was charged with two counts of receiving stolen property on June 28, 1985 and August 2, 1985, respectively. He pled guilty to these charges on November 14, 1985 and was subsequently sentenced on June 19, 1986 to five years probation and costs and restitution in the amount of $5,450.00.

Claimant filed for unemployment compensation benefits effective April 12, 1987. The Office of Employ-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §752.

[2] Claimant's last day of work was May 9, 1986 as a result of an eye injury. He was placed on Workmen's Compensation until August 1986. Prior to his return to work, Claimant was hit by a car. Claimant suffered shoulder and neck injuries which prevented him from returning to work until January 1987.

ment Security (OES) denied Claimant's application pursuant to Section 402(e)[3], and after a hearing on Claimant's appeal, the referee reversed the OES determination and granted benefits. Employer appealed to the Board, which reversed the decision of the referee and concluded that Claimant was ineligible for benefits under provisions of Section 3 of the Law.

This Court's narrow scope of review in unemployment compensation cases is restricted to a determination of whether necessary findings of fact are supported by substantial evidence; whether an error of law was committed below; or whether any of the Claimant's constitutional rights have been violated. *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986); *Kirkwood v. Unemployment Compensation Board of Review,* 106 Pa. Commonwealth Ct. 92, 525 A.2d 841 (1987).

Section 3 of the Law provides for unemployment benefits to persons unemployed through no fault of their own. Where, as here, criminal conduct is involved, the employer has the burden of proving: (1) that the conduct of Claimant leading to the conviction was inconsistent with acceptable standards of behavior and (2) that Claimant's conduct directly reflects upon his ability to perform his assigned duties. *Snelson v. Unemployment Compensation Board of Review,* 93 Pa. Commonwealth Ct. 539, 502 A.2d 734 (1985); *Unemployment Compensation Board of Review v. Derk,* 24 Pa. Commonwealth Ct. 54, 353 A.2d 915 (1976). This test first enunciated in *Derk* contains two prongs, both of which must be satisfied for Employer to meet its burden of proof that Claimant is unemployed through his own fault.

The record developed in the instant case contains substantial evidence to support the legal conclusion that

---

[3] 43 P.S. §802(e).

Claimant's conduct was inconsistent with acceptable standards of behavior. Claimant testified that he pled guilty to the crime of receiving stolen property, and the Board concluded that receiving stolen property was a crime involving moral turpitude. The record thus establishes the first prong of *Derk.*

As to the second prong of the *Derk* test, the record is incomplete. In order to determine whether a claimant's criminal conduct directly reflects upon his ability to perform his job, a number of factors must be considered. Among these factors are the assigned job duties of a claimant; specific nature of the criminal offense involved; the employer's need to trust his employee; and any other circumstances that prove relevant to the particular case which may include whether the offense occurred on or off employer premises, and whether it involved co-workers, and, in the instant case, members of the public with whom Claimant had contact during performance of his duties. *Snelson v. Unemployment Compensation Board of Review,* 93 Pa. Commonwealth Ct. 539, 502 A.2d 734 (1985); *Sheaffer v. Unemployment Compensation Board of Review,* 92 Pa. Commonwealth Ct. 431, 499 A.2d 1121 (1985). After careful scrutiny of the record, it is apparent that a void exists with respect to factual findings pertaining to the second prong of the *Derk* test. The only evidence submitted concerning Claimant's job duties was Claimant's testimony explaining that he picked up stray and dead animals. There were no findings as to whether Claimant's conduct directly reflects upon his ability to perform his job. The Board simply relied upon the criminal conduct as the basis for its denial of benefits.[4] In the absence of

---

[4] The Board noted that citizens have a right to expect honesty and integrity from their public officials and employees. *See* Board's Decision and Order at p. 3.

such findings, this Court is unable to apply the legal standards articulated in *Derk*. *See Sheaffer*, 92 Pa. Commonwealth Ct. at 436, 499 A.2d at 1123. As a consequence, this Court is unable to exercise its function of appellate review.

Accordingly, we vacate the Board's decision and order and remand for specific findings of fact consistent with this opinion.

### ORDER

AND NOW, this 7th day of April, 1988, the order of the Unemployment Compensation Board of Review dated July 8, 1987 is hereby vacated and the case is remanded to the Board for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.